**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0037n.06
Filed: January 12, 2005

**No. 03-6636**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| NEAL SCOTT STONE, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

Before: NELSON and COOK, Circuit Judges; SARGUS, District Court Judge[*]

COOK, Circuit Judge. The United States appeals the district court's order suppressing evidence seized during a no-knock entry. Defendant Neal Stone argues that the search warrant was facially invalid and unsupported by probable cause and that the exigency required to justify a no-knock warrant was lacking. We hold that the no-knock entry did not require suppression because the officer conducted the search in objective good faith.

I. Background

Detective Tom Roby suspected Stone of selling cocaine and prepared an affidavit and search warrant to present to the local judge. Roby's affidavit provided information about: (1) Stone's

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

recent indictment and outstanding arrest warrant for narcotics trafficking; (2) an anonymous tip that

Stone was involved in narcotics trafficking; (3) Roby's personal observations that Stone lived at the

house to be searched; (4) items discovered in the trash on the curb outside Stone's residence

consistent with narcotics packaging, including plastic sandwich bags without corners, an empty

baking soda box, and a food saver bag that contained white residue and smelled of cocaine; (5)

Stone's criminal background, including a drug trafficking conviction from 1995, several narcotics

trafficking arrests, a concealed weapons charge, and a history of resisting arrest. That history of

resisting arrest—necessitating pepper spray and a choke hold to subdue him one time and a riot

baton another—prompted Roby to ask in his affidavit that the judge authorize a no-knock entry "to

ensure officer safety and evidentiary integrity."

Judge Robert Heaton, according to his later-signed affidavit, reviewed and signed Roby's

affidavit and warrant after explicitly questioning the basis for the no-knock request. Although

Judge Heaton's affidavit confirmed that he indeed authorized a no-knock entry, the warrant itself

lacks any no-knock notation. The signed warrant—which Roby created by cutting and pasting

language from a standard form—also lacks other standard language, including statements that the

issuing judge finds probable cause and authorizes a search.

## II. Analysis

### A. Standard of Review

This court reviews district court suppression rulings under a hybrid standard, reviewing

findings of fact for clear error and conclusions of law de novo. *United States v. Bartholomew*, 310

F.3d 912, 919 (6th Cir. 2002).

### B. The district court inappropriately suppressed the evidence.

Stone argues that the judge issued a facially invalid warrant. Though we recognize the

obvious shortcomings of the warrant, we decline to address its sufficiency—other than to note that

the warrant was issued on the basis of an affidavit which sufficiently set forth probable cause—

because regardless of the warrant's validity, Detective Roby relied upon it in objective good faith.

Where an officer conducts a search, relying in objective good faith upon an invalid warrant,

the exclusionary rule does not bar the fruits of that search. *United States v. Leon*, 468 U.S. 897, 905

(1984). Detective Roby relied in good faith upon the warrant here. Judge Heaton stated in his

affidavit that he spoke with Roby about his request for a no-knock warrant, that it is not his practice

to "specifically denominate a warrant . . . as a 'no-knock' warrant," and that he intended the warrant

here to be no-knock. Given this, Roby reasonably believed in good faith that the warrant was valid.

This court recently refused to apply the good faith exception where a warrant similarly failed

to provide no-knock authorization on its face. *United States v. Smith*, 386 F.3d 753, 761-62 (6th Cir.

2004). In *Smith*, the government attempted to establish good faith through testimony from the police

officer who had sought the warrant that it was local practice not to declare no-knock authorization

on a warrant's face. The present case, however, more closely resembles *United States v.*

*Mattison*—the facts of which *Smith* specifically distinguished from its own—in which the Seventh

Circuit upheld a no-knock search, where an assistant state's attorney corroborated a police officer's testimony regarding the local practice of never indicating no-knock authorization on a warrant's face. 153 F.3d 406, 409-10 (7th Cir. 1998). Here, similarly, Judge Heaton, a disinterested individual with the knowledge of his own routine, stated this was his practice. Therefore the police could rely upon Judge Heaton's warrant in good faith, knowing his intention that it be no-knock.

Though *Smith* tempts us to abolish entirely the good faith exception for defective no-knock warrants, we recognize that *Leon* obligates us to consider the circumstances of each case. 468 U.S. at 922-924. Still, we note that *Smith* limits the circumstances under which we will find good faith. And we repeat ourselves, and join other courts, in emphasizing that courts would be spared considerable resources if judges always indicated no-knock authorization on a warrant's face. *See, e.g., Smith*, 386 F.3d at 762; *Mattison*, 153 F.3d at 410 n.3.

Because the facts of this case provide sufficient evidence that the police relied upon a defective no-knock warrant in objective good faith, we reverse the district court's decision to suppress evidence found in their search.